EDNA HAZEL MARÍN, demandante y recurrida, *v.* CARMEN SERRANO AGOSTO, demandada y peticionaria.

*Número:* O-85-420    *Resuelto:* 16 de octubre de 1985

*E. L. Belén Trujillo,* abogado de la peticionaria; *Roberto M. Miranda,* abogado de la recurrida.

PER CURIAM: La demandada Carmen Serrano Agosto recurre de una sentencia del Tribunal Superior, Sala de San

Juan, emitida en un procedimiento de hábeas corpus, que le ordenó la entrega de la menor Dianne Hernández Hazel a la recurrida Edna Hazel Marín, madre de la niña, y no le permitió presentar prueba sobre el bienestar y conveniencia de la menor.

El 11 de julio de 1985 emitimos la siguiente resolución:

> Tenga de plazo la recurrida hasta el 29 de julio de 1985 para mostrar causa por la cual no deba este Tribunal expedir el auto solicitado, dejar sin efecto la sentencia recurrida y, considerando que es propio litigar dentro del recurso de hábeas corpus el aspecto sobre la custodia de un menor, disponer que el Tribunal de instancia señale [la] fecha a la mayor brevedad posible para recibir las pruebas que las partes tengan a bien aportar y resolver a quién debe conceder la custodia sobre la niña.

La parte recurrida ha comparecido a exponer su posición. Los hechos pertinentes son los siguientes. En 15 de noviembre de 1984 la Juez Bertha Puerta de Adán estableció un estado provisional de derecho en el que dispuso que la menor Dianne permanecería bajo la custodia de la recurrida Edna Hazel Marín. Posteriormente, el 14 de enero de 1985 el Sr. Ismael Hernández, padre de Dianne, y la aquí recurrente, Carmen Serrano Agosto, abuela paterna de Dianne, presentaron una querella sobre custodia ante el Juez Carlos Rivera Martínez, quien mediante otro estado provisional de derecho concedió la custodia a la recurrente Carmen Serrano.

El 15 de abril de 1985 la recurrida presentó una Petición de Hábeas Corpus ante el Tribunal Superior, Sala de San Juan, y alegó que la recurrente ejercía ilegalmente la custodia de la menor Dianne porque el Juez Rivera Martínez carecía de autoridad en ley para alterar el estado provisional de derecho fijado por la Juez Puerta de Adán.

El Tribunal Superior, Sala de San Juan, ordenó que la menor Dianne fuera entregada a la recurrida ([1]) y no se per-

---

([1]) La menor fue entregada a la recurrida según surge de la súplica de la Petición de *Certiorari*.

mitió que la recurrente presentara prueba en apoyo a su solicitud de custodia por entender que debía presentarse una acción de custodia separada.

En su comparecencia la recurrida argumenta que el Tribunal Superior actuó correctamente al ordenar que la menor le fuera entregada a ella porque el estado provisional de derecho de 14 de enero de 1985 que le concedió la custodia a la recurrente es contrario a la Ley sobre Controversias y Estados Provisionales de Derecho, 32 L.P.R.A. sec. 2871 *et seq.*

■ El Art. 3 de la mencionada ley, 32 L.P.R.A. sec. 2873, dispone que el estado provisional de derecho que se emita al amparo de esta ley será obligatorio entre las partes mientras la controversia sea ventilada en el curso ordinario de la ley. Habiéndose emitido un estado provisional de derecho que le concede la custodia a la recurrida, éste no podía dejarse sin efecto por otro estado provisional de derecho.

■ No obstante, la sentencia debe ser revocada para permitir que dentro del procedimiento de hábeas corpus la recurrente presente prueba sobre su solicitud de custodia. En un procedimiento de hábeas corpus para reclamar la custodia de un menor la función del tribunal no se limita a considerar el derecho del peticionario a la custodia, sino que tiene que considerar el bienestar y la conveniencia del menor o menores cuya custodia se reclama. *Castro* v. *Meléndez*, 82 D.P.R. 573 (1961); *Marrero Reyes* v. *García Ramírez*, 105 D.P.R. 90 (1976); *Nudelman* v. *Ferrer Bolívar*, 107 D.P.R. 495 (1978). La determinación del tribunal de que la niña fuere devuelta a la recurrida permanecerá inalterada, de forma interlocutoria, como lo autoriza el Art. 6 de la Ley sobre Controversias y Estados Provisionales de Derecho, 32 L.P.R.A. sec. 2876.(2)

---

(2) Dispone:

§ *2876. —Enmienda*

"Entablada la acción ordinaria sobre puntos adjudicados mediante este procedimiento, el tribunal competente podrá, en forma interlocutoria,

Por los fundamentos expuestos, *se expedirá el auto, se revocará la sentencia recurrida y se devolverá el caso para que continúen los procedimientos de forma compatible con lo aquí expuesto.*

enmendar o dejar sin efecto la orden del magistrado, si se le demostrase, con oportunidad de audiencia a la otra parte, error craso o circunstancias extraordinarias que así lo justifiquen."