# 2000 DTA 134

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO**

NYDIA COLON VILCHES Y SAMUEL HIRALDO BETANCOURT
Querellantes-Peticionarios

v.

SUPERMERCADOS AMIGOS Y EMPRESAS ROJO
Querellados-Recurridos

Núm. KLCE-2000-00002

San Juan, Puerto Rico, a 7 de junio de 2000

Panel integrado por su Presidente, el Juez Miranda de Hostos
y los Jueces Rivera Pérez y Rodríguez García

Rodríguez García, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Mediante el presente recurso de *certiorari* han comparecido ante esta Curia, doña Nydia Colón Vilches y don

Samuel Hiraldo Betancourt, solicitando que revoquemos el dictamen que en 9 de noviembre de 1999, emitiera un Juez Municipal (Hon. Angel de Jesús Sepúlveda Panetto, J.) desestimando una solicitud para que dicho Magistrado imprimiese el poder coercitivo que prescribe la ley, a un estado provisional de derecho por él mismo establecido, bajo la Ley 140 de 23 de julio de 1974, 32 L.P.R.A. secs. 2871-2877.

En 20 de enero de 2000 concedimos un término a las partes querelladas y recurridas, Supermercados Amigo, Inc. y Empresas Rojo, para comparecer a mostrar causa por lo cual no debíamos expedir el auto solicitado para dictar sentencia revocando el dictamen objeto del recurso. Los recurridos han comparecido ante nos, pero sus escritos no modifican nuestra posición intimada en la Resolución de 20 de enero de 2000.

Por lo tanto, se expide el auto de *certiorari* solicitado, se dicta sentencia revocando el dictamen recurrido, y se ordena expresamente al Magistrado que se encuentre asignado a cubrir la Subsección de Distrito de Trujillo Alto del Tribunal de Primera Instancia, a celebrar una vista evidenciaria para determinar si las partes querelladas han incumplido con las normas contenidas en la RESOLUCION que estableció el estado provisional de derecho que emitiera el Magistrado Sepúlveda Panetto en 7 de noviembre de 1997, así como los acuerdos que fueran ratificados ante la Magistrado Sonia Cardona en 4 de diciembre de 1998.

## I. Síntesis de los hechos.

(1) En el mes de junio de 1997, los esposos Samuel Hiraldo Betancourt y Nydia Colón Vilches presentaron una querella ante el Magistrado en funciones en el Tribunal de Primera Instancia, Sub-Sección de Distrito, Sala de Trujillo Alto, utilizando el formulario provisto por la Administración de Tribunales para los incidentes cubiertos por la Ley Núm. 140 de 23 de julio de 1974, 32 L.P.R.A. secs. 2871-2877, denunciando un estorbo privado.

Lee la referida querella (Apéndice Núm. 2 del Apéndice del recurso):

*"QUERELLA*

*Yo, Nydia Colón Vilches, mayor de edad, vecina de Trujillo Alto, P.R., bajo juramento presento la siguiente querella:*

*Supermercados Amigo posee en arrendamiento un local comercial ubicado en el Centro Comercial Ciudad [sic] Universitaria. El área de carga y descarga de dicho Supermercado está localizada en la parte posterior de dicho Centro Comercial, no contando éstos con las facilidades adecuadas. Al presente cuentan con seis espacios de estacionamiento para los carreros, de los cuales uno está permanentemente ocupado por un vagón de mercancía de su propiedad. El caso es que nunca vienen cinco camiones a la vez. Esta situación ha provocado que la Calle 5 se haya convertido en área de estacionamiento para los camiones que vienen a diario a entregar mercancía, y el frente de nuestras casas en área de viraje y estacionamiento. Mi casa en particular, está localizada en la Calle D-Este, Esq. Calle S. Esta situación provoca que desde tempranas horas de mañana y hasta las 5:00 de la tarde (lunes a viernes) y los sábados hasta el mediodía tengamos los inconvenientes de los camiones estacionados a ambos lados de la Calle 5, sobre las aceras, lo cual [sic] obstaculiza el libre tráfico por dicha calle, tanto de vehículos como de personas que a diario caminan por dicha calle.*

*Además, todos los motores de los refrigeradores, planta eléctrica, aires acondicionados y extractores del Supermercado Amigo están localizados para el área residencial, por lo que en nuestras casas no hay un momento de silencio a ninguna hora del día, ningún día de la semana, o sea, tenemos ruidos los 365 días del año.*

*POR TODO LO CUAL, solicitamos muy respetuosamente de este Honorable Tribunal, previo a los trámites pertinentes, se sirva declarar con lugar la presente Querella, y a su vez nos conceda una vista oral para poder exponer más ampliamente los particulares antes expresados, los cuales han provocado la radicación de esta Querella en ánimo de una solución justa y beneficiosa para todos y que nos permita disfrutar a plenitud de nuestras propiedades.*

*Por tal motivo, solicito del Honorable Tribunal que cite a la parte querellada para dilucidar la controversia y determinar el remedio correspondiente, si alguno procediera en Ley.*

*En Trujillo Alto, Puerto Rico, a ___ de junio de 1997.*

*(Firma ilegible)*
*Firma del querellante bajo juramento"*

(2) El día 7 de noviembre de 1997, comparecieron ante el Magistrado en funciones en la sala de Trujillo Alto, Hon. Angel de Jesús Sepúlveda Panetto, las partes querellantes en aquel procedimiento, los esposos Hiraldo-Colón y, además, la Sra. María Falero. Por los querellados compareció el Sr. Julio Batiz, gerente del Supermercado Amigo de Ciudad Universitaria.

Las partes informaron al Magistrado el haber llegado a los acuerdos que constan el la Resolución que al efecto emitió dicho funcionario, la cual indica (Apéndice Núm. 3, del Apéndice del recurso):

## *"RESOLUCION*

*Están [sic] presentes Nydia Colón Vilches, Samuel Hiraldo y María Falero, querellantes; el Sr. Julio Batiz, Gerente del Supermercado Amigo de Ciudad Universitaria, representando a la parte querellada. En el día de hoy, las partes, han llegado a varios acuerdos sobre cómo evitar los ruidos en el vecindario y cómo, a su vez, los camiones que entran al área de recibo del Supermercado [sic] Amigo cooperarán para evitar problemas de tránsito y de ruidos. Informa el Gerente que tomó las respectivas medidas de seguridad y para evitar los ruidos.*

*Las partes discuten sus respectivas posiciones y se llega a un acuerdo entre las partes, el cual estará vigente de aquí en adelante. El mismo incluye el no recibo de mercancía después de las 4:00 PM así como el estacionamiento de los camiones en su área y no en la calle. Se incluye el arreglo de una esquina donde los camiones han deteriorado la grama.*

*El Tribunal le da [sic] el visto bueno a lo informado y se ordena a las partes el fiel cumplimiento del mismo.*

*REGISTRESE Y NOTIFIQUESE:*

*Dada en Trujillo Alto, P.R., a 7 de noviembre de 1997.*

*(FDO.) HON. ANGEL DE JESUS SEPULVEDA PANETTO*
*JUEZ*

*CERTIFICO:*

*Que ambas partes fueron notificadas con copia de la anterior resolución.*

*En Trujillo Alto, P.R., a 7 de noviembre de 1997.*

*CARMEN SONIA RIVERA CORTES*
*SECRETARIA GENERAL*

*(FDO.) POR: ANAFELY MELENDEZ ESTRADA*
*SECRETARIA AUXILIAR"*

(3) Transcurrieron diez (10) meses y en 8 de septiembre de 1998, los querellantes presentaron una *"Moción Solicitando Señalamiento de Vista"*, con la firma de la Sra. Nydia Colón Vilches, en la cual expusieron (Apéndice

Núm. 4 del Apéndice del recurso):

*"MOCION SOLICITANDO SEÑALAMIENTO DE VISTA AL HONORABLE TRIBUNAL:*

*Comparecen los querellantes, por derecho propio, y muy respetuosamente exponen y solicitan:*

*1. Con fecha del 7 de noviembre de 1997, este Honorable Tribunal dictó Resolución basándose en los acuerdos llegados entre la parte querellante y la parte querellada, Supermercados Amigo.*

*2. La parte aquí compareciente informa a este Honorable Tribunal que los acuerdos tomados en la vista celebrada no han sido cumplidos por la parte querellada, Supermercados Amigo, y hasta el presente continuamos con la misma problemática en cuanto a los ruidos innecesarios, camiones refrigerados que se mantienen encendidos mientras esperan para despachar su mercancía, camiones estacionados a ambos lados de la calle 5 y el flujo constante y sin control de dichos camiones.*

*3. Por lo antes expuesto, la parte aquí compareciente solicita se señale una vista a los efectos de poder determinar las causas, si alguna, que tiene la parte querellada para no haber cumplido con los acuerdos tomados en la vista celebrada.*

*POR TODO LO CUAL, muy respetuosamente se solicita de este Honorable Tribunal se sirva declarar con lugar la presente Moción y, en su consecuencia, conceda el remedio solicitado.*

*RESPETUOSAMENTE SOMETIDO.*

*En Trujillo Alto, Puerto Rico, a 8 de septiembre de 1998.*

*(Fdo)*
*Nydia Colón Vilches".*

(4) La Sala de Trujillo Alto, del Tribunal de Primera Instancia, por voz de la Hon. Sonia Cardona, Juez Municipal, señaló una vista para el día 4 de diciembre de 1998. Ese día se efectuó una inspección ocular para verificar el cumplimiento con la orden de 7 de noviembre de 1997, y en el curso de ésta, las partes llegaron a unos acuerdos, según nos indica la parte recurrente en su solicitud de *certiorari*, como sigue: (Apéndice 6, página 3)

*"a. Ningún camión entregaría mercancía en el área de recibo del Supermercado Amigo los sábados o días feriados antes de las 8:30 de la mañana.*

*b. El Supermercado Amigo tomará medidas con sus proveedores y/o choferes de los camiones para garantizar que los camiones no utilicen sus bocinas al llegar o salir del área de recibo o mientras permanezcan allí. Esta medida aplicaría todos los días a toda hora.*

*c. El Supermercado Amigo tomaría medidas con sus proveedores y/o los choferes de los camiones para que ningún vehículo de entrega de mercancía permanezca con el motor encendido mientras se realiza la entrega o mientras el vehículo permanezca en el área de recibo.*

*d. El Supermercado Amigo, a su costo, recubriría con material aislante o amortiguador de ruidos los equipos o máquinas de aire acondicionado y/o las máquinas o motores que enfrían las neveras del supermercado.*

*e. El Supermercado Amigo tomaría medidas con sus proveedores y/o los choferes de los camiones para que se elimine la práctica de estacionamiento y de viraje de camiones y otros vehículos en las inmediaciones de la Calle 5 donde residen los querellantes."*

Se indica que se acordó además que, *"los acuerdos que hemos citado se pondrían en vigor en un plazo de treinta (30) días y que una vez puestas en práctica se considerarían permanentes, pudiendo modificarse sólo por acuerdo escrito entre las partes o por disposición del Honorable Tribunal General de Justicia".* (Escrito de certiorari, pág. 5, parf. 12)

(5) En 29 de abril de 1999, Supermercados Amigo presentó una Moción en Cumplimiento de Orden, en la que indica *"Al Honorable Tribunal"*:

*1. Durante la vista de inspección ocular, las partes llegaron a varios compromisos respecto a la solución de los problemas planteados por los querellantes. Al respecto, el Honorable Tribunal solicitó de la parte compareciente sometiera documentos acreditativos de que la parte aquí compareciente estaba cumpliendo con las órdenes emitidas por este Tribunal.*

*2. Acompañamos con la presente moción, copia de la documentación que acredita el cumplimiento de Supermercados Amigo con los acuerdos alcanzados durante la vista en cuestión."*

A dicha moción, Amigo unió los siguientes documentos:

1. Carta de José I. Mulero, Gerente de Area de Amigo, al Lcdo. Rubén Colón Morales, abogado de Amigo, incluyéndole la siguiente información:

- Reglamento del Recibo de Ciudad Universitaria del 13 de agosto de 1997.

-Vagón de 28' de largo está en las facilidades desde el 22 de marzo de 1999.

-Se levantaron paredes de bloques en: a) compresores de neveras; b) cuarto de motores.

-Nuevo reglamento de recibo Ciudad Universitaria del 16 de marzo de 1999.

-La reparación de la acera se proyecta reparar esta semana del 19 de abril de 1999.

2. Un memorando de Julio Batiz, gerente de Amigo Ciudad, a *"Camioneros y Suplidores"*, indicando que *"por causas ajenas nuestro control, se han implantado las siguientes reglas, las cuales serán efectivas inmediatamente";* e indica que:

*"1. No se permitirán camiones en la vía de rodaje (calle); deberán utilizar los estacionamientos asignados para los mismos.*

*2. Todo camión refrigerado tendrá que apagar la unidad refrigerada, una vez llegue a las facilidades de Supermercados Amigo Ciudad."*

Agradecemos su acostumbrada cooperación.

En la SUPLICA de la referida *"Moción en Cumplimiento de Orden"* presentada por el Lcdo. Rubén Colón Morales, a nombre de Amigo, se solicita de *"este Honorable Tribunal"*, cuando el asunto no estaba bajo *"el Tribunal"*, sino ante *"el Magistrado"*, *"que tome conocimiento de lo anterior, de por cumplidas las órdenes dirigidas a la parte aquí compareciente y dicte Sentencia decretando el archivo de este caso sin especial condena en costas, gastos ni honorarios de abogado."*

Que el abogado solicitara lo improcedente en derecho, no nos debe extrañar, pero lo que constituye un error revocable es que el Magistrado Sepúlveda Panetto lo concediera.

Y no lo concedió el Magistrado cuando se lo pide Amigo, sino que declara *"cerrado"* el caso cuando se solicitan sanciones contra Amigo por incumplimiento con la orden de entredicho provisional que el propio Magistrado dictara, la cual hasta el presente se encuentra en plena fuerza y vigor.

Pero hay más, la moción de Amigo no le fue notificada a las partes Samuel Hiraldo Betancourt y Nydia Colón Vilches, sino que se le notificó al Lcdo. Luis Raúl Albaladejo, persona que no se menciona en el expediente del caso.

(6) Un mes más tarde, en 8 de octubre de 1999, los abogados de los peticionarios, Lcdos. William Reyes Elías y Alejandro García Padilla, presentaron ante el Magistrado una *"Moción Informando Incumplimiento de Acuerdos y Para Solicitar Estado Provisional de Derecho y Otros Extremos"*, en la cual describen en detalle los sucesos que entienden que significan incumplimiento con la Resolución estableciendo el estado provisional de derecho. ██ (Apéndice 6 del escrito de apelación)

(7) En lugar de cumplir con el deber ministerial que la ley le impone, que era celebrar inmediatamente una vista para escuchar prueba sobre el alegado incumplimiento, y fijar la sanción que la ley provee si tal incumplimiento era evidente, el Magistrado recurrido ██ emitió la siguiente ORDEN:

*"(1) A Moción Solicitando Término Para Replicar / SIN LUGAR. No se va a reabrir el caso.* ██

*(2) Moción Informando Incumplimiento de Acuerdos y Para Solicitar Estado Provisional de Derecho y Otros Extremos / NO HA LUGAR, cualquier recurso tiene que ser radicado en el Tribunal de Carolina, Sala Superior, ya que la Ley 140 aquí apelada, ya se cumplió con su cometido."*

Al así dictaminar, el Magistrado incidió.

**II. El derecho aplicable a la situación factual señalada.**

I

Desde el año 1933, la Asamblea Legislativa de Puerto Rico aprobó un estatuto que establece una acción de la persona que es víctima de un estorbo privado. El Artículo 277 del Código de Enjuiciamiento Civil de 1933, establece:

*"Todo lo que fuere perjudicial a la salud, indecente u ofensivo a los sentidos, o que interrumpa el libre uso de la propiedad, de modo que impida el cómodo goce de la vida o de los bienes, constituye una perturbación que da lugar a una acción. Dicha acción podrá ser promovida por cualquier persona cuyos bienes hubieren sido perjudicados o cuyo bienestar personal resulta menoscabado por dicha perturbación; y la sentencia podrá ordenar que cese aquélla, así como decretar el resarcimiento de los perjuicios; lo que aquí provisto no podrá aplicarse a las actividades relacionadas con el culto público practicado por las diferentes religiones; Disponiéndose, que nada de lo aquí dispuesto limitará los poderes de la Junta de Calidad Ambiental para promulgar los reglamentos a que está autorizada por ley."*

La Regla 72 de las Reglas de Procedimiento Civil de 1979, excluyó expresamente de las derogaciones efectuadas en el Código de Enjuiciamiento Civil, este Art. 277, y por su inciso (1) dispuso que se conocería este estatuto en adelante como la *"Ley Sobre Perturbación o Estorbo"*.

Este estatuto tiene *"dientes"* fuertes y precisos, ya que establece:

*"(1) Define lo que constituye una perturbación en sentido amplio, como "todo lo que fuere perjudicial a la salud, indecente u ofensivo a los sentidos, o que interrumpa el libre y cómodo goce de la vida o de los bienes";*

*(2) Indica que la acción puede ser promovida por cualquier persona cuyos bienes hubieren sido perjudicados*

*o cuyo bienestar personal resulte menoscabado por dicha perturbación;*

*(3) Señala que la sentencia podrá ordenar que cese "aquella", o sea la perturbación, así como decretar el resarcimiento de los perjuicios;*

*(4) Establece que la acción ejercitada por "cualquier persona", no impide la acción que en el ejercicio de sus facultades pueda instar la Junta de Calidad Ambiental para imponer las multas administrativas que la ley dispone."*

Estamos hablando aquí de un interdicto de estorbo privado (comúnmente llamado *injunction*), y una acción para el resarcimiento de los daños y perjuicios sufridos por el mantenimiento del estorbo, recobrables por todo el tiempo que dure el estorbo, no estando tales daños limitados a los sufridos dentro del año inmediatamente anterior a la radicación de la demanda. *Arcelay v. Sánchez*, 77 D.P.R. 824 (1955).

Véanse además, *Ortega Cabrera v. Tribunal Superior*, 101 D.P.R. 612 (1973); *Torres v. Rodríguez*, 101 D.P.R. 177 (19739.

En adición a este estatuto, cuando se trate de un perjuicio común que afecte a un gran número de personas o a una comunidad, operará el Art. 699 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3532.

*"Podrá concederse un injunction a petición del Estado Libre Asociado de Puerto Rico para prohibir y suprimir la conservación y mantenimiento de un perjuicio común. La petición será jurada por el fiscal del distrito en que el perjuicio exista, o por el Secretario de Justicia, según su leal saber y entender, y no será necesaria ninguna fianza."*

Queda claro que las leyes ambientales cuya aplicación impone celosamente la Junta de Calidad Ambiental, hacen que esta agencia especializada ocupe el campo que otrora correspondía a los Fiscales o al Secretario de Justicia.

Existen, además, los Arts. 329 y 330 del antiguo Código Penal, 33 L.P.R.A. secs. 1365 y 1366, que datan del año 1937, cuya vigencia sobrevivió al Código Penal de 1974, por disposición expresa del Artículo 278 de dicho Código, 33 L.P.R.A. sec. 4622.

*"Todo lo que fuere perjudicial a la salud, indecoroso u ofensivo a los sentidos, o que obstruyere el libre goce de alguna propiedad de modo que estorbare el bienestar de toda una sociedad o vecindario, o un gran número de personas, o que ilegalmente obstruyere el libre tránsito, en la forma acostumbrada, por cualquier lago, río, bahía, corriente, canal, o cuenca navegable, o por cualquier parque, plaza, calle o carretera pública, constituye un estorbo público; Disponiéndose que la emisión de humo de las empresas manufactureras útiles, excepto en los municipios de la Clase I, no se considerará ni se tendrá como estorbo público a menos que resulte afirmativamente de la prueba presentada ante la Corte, que afecta perjudicialmente la salud de considerable número de personas; Disponiéndose, además, que nada de lo contenido en este Subtítulo se interpretará en el sentido de que se prohíba a los concejos municipales de todos los municipios del Estado Libre Asociado la adopción de ordenanzas municipales requiriendo que dichas empresas manufactureras usen y empleen medios adecuados para impedir la innecesaria emisión de humo, cenizas y hollín, en detrimento y perjuicio de los vecinos de las ciudades y pueblos; y nada de lo contenido en este Subtítulo se interpretará en el sentido de eximir a los dueños de las expresadas empresas manufactureras de responsabilidad por infracción de dichas ordenanzas municipales.*

*Todos estos otros recursos para hacer que cese un estorbo, recibir compensación monetaria por los daños, o aplicar multa o encarcelamiento por dicho estorbo, son procedimientos complicados ante el Tribunal de Primera Instancia, los cuales desembocarán en una sentencia civil, o en una sentencia penal."*

## II

En el año 1974, la Asamblea Legislativa quiso proveer a toda persona un mecanismo mucho más sencillo para resolver controversias, al alcance de todos, donde no se requiere necesariamente asistencia legal, ni gastos adicionales. Ese recurso particular fue el que quisieron utilizar los esposos Hiraldo-Colón, el cual el dictamen recurrido de un Magistrado --no de un Tribunal-- les ha denegado.

Se trata de la ley Núm. 140 de 23 de julio de 1974, *"Ley Sobre Controversias y Estados Provisionales de Derecho"*, 32 L.P.R.A. secs. 2871-2877.

La ley tiene una exposición de motivos, que *Inter alia* indica:

*"Esta ley crea un procedimiento sencillo y rápido, facultando a los Jueces Municipales y Jueces de Distrito, donde no hubiese disponible un Juez Municipal, a establecer en ciertos asuntos estados provisionales de derecho, fijando y determinando las relaciones y derechos de las partes envueltas. Tal determinación no constituiría cosa juzgada ni impediría su ventilación mediante los cursos ordinarios de ley.*

*"El trámite procesal dispuesto es sencillo y no exige, como tampoco prohíbe, participación de los abogados. Su implementación contempla la formulación e inicio del asunto verbalmente o por escrito, prescindiendo de los documentos usuales, elaborados y complejos que se utilizan en la litigación ordinaria.*

*"Como pieza legislativa de vanguardia jurídico-social, rompa con las cadenas y fórmulas tradicionales, haciendo accesible al pueblo de Puerto Rico el sistema de justicia en la forma y manera más directa y eficiente, compatible con los Principios básicos contenidos en la Constitución del Estado Libre Asociado de Puerto Rico. La experiencia permitirá su extensión o limitación en el futuro."*

La Sección 2871 nos da la definición de magistrado: Este Capítulo se conocerá como *"Ley sobre Controversias y Estados Provisionales de Derecho"*. Los magistrados referidos en las secs. 2871 a 2877 de este título son el Juez Municipal, y el Juez de Distrito, en los municipios donde haya sala del Tribunal de Distrito y no esté asignado ni desempeñándose en funciones un Juez Municipal.

La Sección 2872 establece y enumera las facultades de los Magistrados:

*"Mediante la presente, los magistrados quedan facultados a intervenir, investigar, ventilar y resolver provisionalmente controversias a solicitud de parte interesada, según el trámite dispuesto en este Capítulo.*

*Esta facultad comprende y abarca lo siguiente:*

*...*

*(J) Controversias en las cuales se alegue la existencia de perturbaciones que fueren perjudiciales a la salud o los sentidos, o que interrumpan el libre uso de la propiedad, de modo que impidan el cómodo goce de la vida o de los bienes, de las que dan lugar a una acción bajo la sec. 2761 de este título, conocida como Ley sobre Perturbación o Estorbo."*

Quiere lo anterior decir que la ley concede facultad expresa a los Jueces Municipales y otros jueces del sistema judicial para implementar la Ley Sobre Perturbación y Estorbo, citada, *supra*, mediante un mecanismo rápido y eficiente.

Bajo la sección 2873, el procedimiento permite que la querella de la parte afectada se presente ante el Magistrado en forma verbal o escrita, y ello le permite al tribunal y magistrado adquirir jurisdicción sobre la controversia y asunto.

El inciso D de la sección 2873, establece el procedimiento en la vista:

"...

*(D) Será deber del magistrado, en el curso de la vista, el tratar de armonizar a las partes para que la controversia quede satisfactoriamente resuelta. Si ello no fuese posible y si como resultado de la vista el magistrado se convenciere de que existe, bajo la ley, una controversia entre las partes, la cual requiere adjudicación judicial, dictará una resolución determinando cuál de las partes tiene probablemente la razón. A tenor de esa resolución, el magistrado fijará un estado provisional de derecho que será obligatorio entre las partes mientras la controversia sea ventilada en el curso ordinario de la ley. La resolución podrá ser autorizando o sancionando determinado acto o actuación de una persona, exigiendo de ésta o varias el cumplimiento específico de un deber, o la abstención de una acción en particular. La resolución será dictada verbalmente, pero dentro del término de cinco (5) días se hará constar por escrito. La resolución escrita será sencilla y contendrá una breve síntesis de las alegaciones de cada parte, el historial del trámite habido, lo que tendió a establecer la prueba de cada parte, las conclusiones del magistrado de que hay una parte que probablemente tiene la razón, con expresión de los fundamentos y la fijación del estado provisional de derecho, con exposición de los actos que autoriza o prohíbe, o derechos que provisionalmente reconoce. Al dar verbalmente su resolución, el magistrado explicará a las partes el alcance de la misma y les informará del delito que habrán de cometer y la penalidad en que habrían de incurrir si violaren la orden. También informará el magistrado a la persona o personas contra quienes se dicte la resolución, su derecho a plantear el asunto ante tribunal competente, en el curso ordinario del procedimiento. La resolución será obligatoria desde que se dicte verbalmente, pero será notificada a los interesados o sus abogados dentro de los (10) diez días de dictada verbalmente. La parte dispositiva de la resolución se transcribirá en el libro ad hoc de anotaciones de querellas bajo las disposiciones de este Capítulo."*

La sección 2875, advierte a las partes que la *"orden resolviendo una controversia y fijando un estado de derecho será inapelable"*.

Una orden resolviendo una controversia y fijando un estado provisional de derecho, según este Capítulo, será inapelable, pero no constituirá cosa juzgada respecto a ninguno de los puntos adjudicados en la misma ni impedirá ningún otro trámite judicial reclamando daños y perjuicios u otro derecho.

¿Y qué remedio tenía la parte afectada por la ORDEN que en 7 de noviembre de 1997 dictó el Magistrado Sepúlveda Panetto, en este caso Supermercado Amigo Ciudad?

Amigo tenía un remedio sencillo que le proveía la ley, y que era presentar un recurso ordinario ante el Tribunal de Primera Instancia, y tratar, mediante dicho recurso, que la ORDEN del magistrado fuese modificada o dejada sin efecto hasta que se resolviese la controversia por sentencia final y firme de un TRIBUNAL, no del magistrado.

El estado provisional de derecho que se emite al amparo de la Ley 140 por un magistrado, es obligatorio entre las partes hasta que la controversia se ventile en un caso en el curso ordinario de la ley, y mediante sentencia se establezca un resultado distinto. No podía el Magistrado Sepúlveda Panetto dejar sin efecto el estado provisional establecido, con un mero dictamen suyo, como lo hizo. *Marín v. Serrano Agosto,* 116 D.P.R. 603 (1985).

Para ello, tendría que haber mediado un pleito ordinario iniciado por Amigo, y eso no sucedió.

La sección 2876 establece:

*"Entablada la acción ordinaria sobre puntos adjudicados mediante este procedimiento, el tribunal competente podrá, en forma interlocutoria, enmendar o dejar sin efecto la orden del magistrado, si se le demostrase, con oportunidad de audiencia a la otra parte, error craso o circunstancias extraordinarias que así lo*

*justifiquen."*

Véase que la ley le da facultades al TRIBUNAL competente, no ya a un Magistrado, y que la determinación inicial del magistrado permanecerá inalterada hasta que un tribunal, en el curso ordinario de la ley, la modifique y deje sin efecto. *Marín v. Serrano Agosto, supra,* a la página 605.

Lo sucedido en este caso es contrario a derecho e improcedente, y por eso hemos expedido el auto para revocar el dictamen recurrido.

En el caso que ahora atendemos, el abogado de Amigo compareció con una *"Moción en Cumplimiento de Orden"* fechada en 29 de abril de 1999, y transcrita ante, y el Magistrado unilateralmente, sin citar a las partes afectadas, decidió que el caso estaba cerrado y se negó a escuchar a los Hiraldo-Colón cuando comparecieron mediante sus abogados con *"Moción Informando Incumplimiento, etc.",* fechada 8 de octubre de 1989 para demostrar que Amigo no estaba cumpliendo con la orden de entredicho provisional, y con los acuerdos habidos entre las partes ante la Magistrado Hon. Sonia Cardona, J., en 4 de diciembre de 1998.

Por ello, hemos resuelto expedir auto de *certiorari* solicitado, para dictar sentencia en los siguientes términos:

Primero, queda reinstalada y en plena fuerza y vigor la orden conteniendo el estado provisional de derecho, dictada por el Magistrado Sepúlveda Panetto en 7 de noviembre de 1997, así como los acuerdos ratificados ante la Magistrado Sonia Cardona, en 4 de diciembre de 1998;

Segundo, se instruye al o la Magistrado que se encuentre asignado a cubrir la Subsección de Distrito de Trujillo Alto, a celebrar un vista evidenciaria, previa debida notificación a las partes, para determinar si las partes querelladas han incumplido con las normas contenidas en la RESOLUCION que emitiera el Magistrado Angel De Jesús Sepúlveda Panetto, Juez, en 7 de noviembre de 1997, y los acuerdos que fueran ratificados ante la Magistrado Sonia Cardona, Juez, en 4 de diciembre de 1998.

Notifíquese.

Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General