Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| JOSÉ A. RIVERA GARCÍA<br><br>Peticionario<br><br>v.<br><br>GIAN C. SANTIAGO DE LA ROSA<br><br>Recurrido | KLCE202301352 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de San Juan<br><br>Caso Núm.:<br>SJL 140-2023-0135<br><br>Sobre:<br>Ley 140 |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de marzo de 2024.

Comparecen el señor José A. Rivera García y la señora Lycette González Andrades (conjuntamente, peticionarios) mediante recurso de *certiorari*. Tras examinar detenidamente el expediente, así como los argumentos de ambas partes, expedimos el auto solicitado y revocamos la *Orden* recurrida.

En síntesis, este caso gira en torno a la desestimación de una *Querella* (SJL-140-2023-3135) presentada por los peticionarios en contra del señor Gian Santos De la Rosa (señor Santos De la Rosa o recurrido) por el olor y el humo de cannabis proveniente del apartamento del recurrido. Tras celebrar una vista evidenciaria, el Tribunal de Primera Instancia desestimó la causa de acción por falta de jurisdicción. Sin embargo, no emitió notificación al respecto.

Así las cosas, la parte peticionaria sometió una *Moción para que el Honorable Tribunal Dicte y Notifique Resolución por Escrito.* Evaluada dicha solicitud, el foro primario emitió una *Orden* el 10 de octubre de 2023, notificada el 1 de noviembre de 2023, en la que decretó que se dictara y notificara la *Resolución* de desestimación por escrito. A esos fines, incluyó la siguiente determinación:

> VÉASE RESOLUCIÓN 6 DE JULIO 2023. TRIBUNAL SE DECLARÓ SIN JURISDICCIÓN. LA JURISDICCIÓN PRIMARIA LA OSTENTA EL DEPARTAMENTO DE SALUD.

En desacuerdo con el referido dictamen, el 1 de diciembre de 2023, los peticionarios acudieron ante nosotros mediante *Escrito de Certiorari*. Examinado el recurso, resolvimos que procedía su desestimación por haberse presentado tardíamente. Oportunamente, los peticionarios presentaron una *Moción de Reconsideración*. En esencia, puntualizaron que recurren de la *Orden* emitida el 10 de octubre de 2023 y notificada el 1 de noviembre de 2023. La misma fue declarada ha lugar.

Como es sabido, el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc*., 207 DPR 994 (2021), Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, (32 LPRA sec. 3491). La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera Gómez v. Arcos Dorados Puerto Rico*, 2023 TSPR 65; *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

En ese sentido, la Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B) delimita los criterios para la expedición de un auto de *certiorari*. Entre otros extremos, la precitada regla nos faculta expedir este recurso si el Tribunal de Primera Instancia ha incurrido en prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba. (4 LPRA Ap. XXII-B). Igualmente, tenemos facultad para expedir este recurso a los fines de evitar un fracaso a la justicia. (4 LPRA Ap. XXII-B). Tales criterios orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra.* La aludida regla, a su vez, permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra*; *800 Ponce de León v. American International*, 205 DPR 163 (2020).

Por otro lado, en nuestro ordenamiento jurídico, los tribunales ostentan jurisdicción general para atender cualquier causa de acción presentada, a menos que no tengan jurisdicción sobre la materia. *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89 (2020); *Rodríguez Rivera v. De León Otaño*, 191 DPR 700 (2014). La jurisdicción sobre la materia se refiere a la capacidad para atender y resolver una controversia sobre un aspecto legal. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012) (citando a J.A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, Colombia, Ed. Nomos, 2010, pág. 25). Un tribunal no tiene la autoridad para atender una materia particular, cuando algún estatuto lo disponga expresamente o surja de él por implicación necesaria. *MCS Advantage, Inc. v. Fossas Blanco*,

211 DPR 135 (2023); *Báez Rodríguez et al. v. ELA*, 179 DPR 231, 241 (2010).

Cónsono con lo anterior, el foro judicial debe abstenerse de ejercer su facultad adjudicativa en casos de jurisdicción primaria exclusiva. Tal escenario surge cuando el organismo administrativo ostenta por virtud de ley la jurisdicción inicial exclusiva para examinar la reclamación. *SLG Semidey Vázquez v. ASIFAL*, 177 DPR 657 (2009). La autolimitación judicial opera, también, en casos de jurisdicción primaria concurrente. En tales instancias, la ley permite que la reclamación se inicie en la agencia o en el tribunal. *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico, supra.* No obstante, como regla general, los tribunales no intervienen y ceden la primacía a la agencia por su pericia y conocimiento especializado sobre el asunto objeto de la reclamación. *MCS Advantage, Inc. v. Fossas Blanco*, *supra*. Véase, también, *Báez Rodríguez et al. v. ELA*.

De no existir limitaciones jurisdiccionales, entonces le corresponde al tribunal ejercer sus funciones adjudicativas. En ese sentido, la doctrina autolimitación judicial no aplica cuando la reclamación instada no exige el peritaje administrativo, es decir, "cuando la cuestión planteada sea puramente judicial". *Rodríguez Rivera v. De León Otano, supra,* pág. 710; *Consejo Titulares v. Gómez Estremera et al.*, 184 DPR 407, 430-431 (2012). Tampoco existe impedimento jurisdiccional en casos de violaciones a derechos constitucionales. *MCS Advantage, Inc. v. Fossas Blanco*, *supra*. En esos casos, la parte interesada debe demostrar que "la acción administrativa constituye una gestión inútil, inefectiva y que no ofrece un remedio adecuado o que ha de causar un daño irreparable e

inminente". *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico, supra*, págs. 104-105*; First Fed. Savs. v. Asoc. de Condómines*, 114 DPR 426, 439 (1983).

De hecho, en *SLG Flores Jiménez v. Colberg*, 173 DPR 843 (2008), el Tribunal Supremo de Puerto Rico validó prescindir del agotamiento de remedios administrativos en aras de atender por la vía judicial una controversia de salud que aquejaba a unos vecinos. En el aludido caso dispuso que "el balance de las conveniencias se inclina a prescindir de agotar los procedimientos ante el Departamento de Salud, para así finiquitar una controversia que involucra la salud pública". Íd., pág. 854.

En lo concerniente al recurso de epígrafe, la Ley de Controversias y Estados Provisionales, Ley Núm. 140 de 23 de julio de 1974 (32 LPRA sec. 2871) provee un procedimiento rápido, económico y eficiente para la adjudicación provisional de controversia por parte de los jueces municipales. *Dpto. de Familia v. Ramos*, 158 DPR 888 (2003). A esos fines, los magistrados quedan facultados a intervenir, investigar, ventilar y resolver provisionalmente controversias a solicitud de parte interesada. (32 LPRA sec. 2872). El estado provisional de derecho que se emita al amparo de esta ley será obligatorio entre las partes mientras la controversia sea ventilada en el curso ordinario de la ley. *Marín v. Serrano Agosto*, 116 DPR 603 (1985).

El Artículo 2 de la Ley Núm. 140, *supra* (32 LPRA sec. 2872) delimita la jurisdicción del tribunal bajo esta pieza legislativa. El precitado artículo dispone que la facultad del tribunal se extiende a: (1) controversias entre vecinos que afecten la convivencia y el orden social,

y (2) controversias vinculadas con perturbaciones que fueren perjudiciales a la salud o a los sentidos, o que interrumpan el libre uso de la propiedad, de modo que impidan el cómodo goce de la vida o de los bienes, de las que dan lugar a una acción bajo el Artículo 277 del Código de Enjuiciamiento Civil, entre otros. A su vez, la protección de la precitada legislación se extiende a aquellas controversias producto de una infracción a la Ley de Condominio. De acuerdo con la interpretación jurisprudencial, una parte afectada por alguna infracción bajo la aludida ley tendrá derecho a solicitar algún remedio al amparo de la Ley Núm. 140, *supra*. *Ayala Hernández v. Consejo Titulares*, 190 DPR 547 (2014).

Por último, el Artículo 31 de la Ley Orgánica del Departamento de Salud, Ley Núm. 81 de 14 de marzo de 2023 (3 LPRA sec. 182) faculta al Secretario de Salud o a sus representantes a corregir con urgencia cualquier daño o estorbo público en la forma y modo prescritos en los reglamentos de sanidad. De manera compatible con esa disposición, el Artículo 277 de Código de Enjuiciamiento Civil, (32 L.P.R.A. sec. 2761) define estorbo como todo aquello que resulte perjudicial a la salud, o sea indecente u ofensivo a los sentidos, o que interrumpa el libre uso de la propiedad, de modo que impida el cómodo goce de la vida o de los bienes, o que estorbare el bienestar de todo un vecindario. Sin embargo, no se desprende de la Ley Núm. 81, *supra*, que el Departamento de Salud ostenta la jurisdicción primaria exclusiva para atender situaciones de conflictos entre vecinos por perturbaciones perjudiciales a la salud o controversias en torno al libre uso de la propiedad,

Por su parte, el Artículo 5 de la Ley para Manejar el Estudio, Desarrollo e Investigación del Cannabis para Innovación, Normas Aplicables y Límites, Ley Núm. 42-2017 (24 LPRA 2622a), delimita las facultades de la Junta Reglamentadora de Cannabis, adscrita al Departamento de Salud. De acuerdo con la precitada ley, la Junta ostenta el poder de emitir, negar, revocar suspender, restringir licencias e imponer multas administrativas. (24 LPRA 2622a). Sin embargo, no surge de la Ley Núm. 42, *supra*, que la Junta tiene la facultad para emitir estados provisionales de derecho a los fines de atender de manera inmediata conflictos entre vecinos por perturbaciones perjudiciales a la salud o controversias en torno al libre uso de la propiedad.

En el caso de presente, nos encontramos ante unas alegaciones sobre un conflicto vecinal por exposición nociva al humo y olor de cannabis proveniente del apartamento del señor Santiago De la Rosa. Según los peticionarios, esta situación afecta su salud e impide el libre disfrute de su propiedad, así como el goce de su vida. Ante tal reclamo, aducen que ninguna ley les exige acudir al Departamento de Salud a ventilar su controversia.

Luego de examinar detenidamente el expediente ante nuestra consideración, nos resulta evidente que el Tribunal Municipal de San Juan incidió al desestimar la *Querella* por falta de jurisdicción. A la luz del marco legal discutido, dicho organismo administrativo no ostenta jurisdicción primaria exclusiva para atender la controversia expuesta por los peticionarios. Por tanto, el foro primario tiene jurisdicción para dilucidar el caso al amparo de la Ley Núm. 140, *supra*. La precitada ley le concede facultad para atender de manera inmediata aquellas controversias en torno a conflictos vecinales, perturbaciones

perjudiciales a la salud o los sentidos, o al libre disfrute de la propiedad o goce de la vida, tal como aduce la *Querella* presentada por los peticionarios.

En virtud de esa medida legislativa, el tribunal recurrido no puede eludir su deber ministerial e impedir una inmediata solución mediante trabas procesales, en particular, limitaciones jurisdiccionales. Le corresponde cumplir con las exigencias jurídicas contenidas en la Ley Núm. 140, *supra*, y actuar con celeridad en la reclamación. Por tanto, resolvemos que erró el foro primario al desestimar la *Querella* por falta de jurisdicción.

Por los fundamentos que anteceden, expedimos el auto de *certiorari* solicitado, y consecuentemente, revocamos la *Orden* recurrida. Así dictaminado, devolvemos el pleito al Tribunal Municipal de San Juan para la continuidad de los procesos de manera compatible con esta *Sentencia*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Álvarez Esnard concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones