Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| ÁNGEL A GARCED SALGADO<br><br>**Parte recurrida**<br><br>v.<br><br>JULIÁN QUINTANA MATÍA,<br>LUIS ROBERTO VÁZQUEZ SANTOS<br><br>**Parte peticionaria** | **TA2025CE00629** | ***CERTIORARI***<br>Procedente del Tribunal de Primera Instancia, Sala Municipal de Caguas<br><br>Sala de Investigaciones<br><br><br>Sobre:<br>Ley 140 |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de octubre de 2025.

Comparece ante nos Luis Roberto Vázquez Santos, en adelante, Vázquez Santos o peticionario, y solicita que revisemos una "*Resolución y Orden Sobre Segundo Desacato Civil",* emitida por el Tribunal de Primera Instancia, Sala Municipal de Caguas, en adelante TPI-Caguas, el 19 de septiembre de 2025.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del recurso.

**I.**

El 1 de julio de 2025, Ángel Garced Santiago, en adelante, Garced Santiago o recurrido, presentó una querella al amparo de la Ley Sobre Controversias y Estados Provisionales de Derecho, Ley 140 del 23 de junio de 1974, en adelante, Ley 140, 32 LPRA sec. 2871 *et seq,* contra Vázquez Santos. La querella es producto de una controversia relacionada a unos vagones que, según el recurrido, le impiden el paso a sus padres, quienes son personas de edad avanzada.[1]

---

[1] Apéndice del recurso, Anejo 2.

El *17 de julio de 2025* se celebró una vista en la que las partes comparecieron con representación legal. En la misma, el Foro Primario ordenó una serie de remedios provisionales para atender la controversia entre las partes. Entre ellas, que "[e]n o antes del 18 de julio de 2025 a las 5:00pm, el [peticionario] deb[ía] mover los dos (2) vagones del frente de la propiedad del [recurrido] y del camino y servidumbre de paso que da acceso a la casa del [recurrido] y a los apartamentos de la parte posterior de la propiedad del [recurrido]".[2]

Sin embargo, el 21 de julio de 2025 y 8 de septiembre de 2025, Garced Santiago recurrió al Foro Primario para informar el incumplimiento de parte del peticionario. Así las cosas, el 19 de septiembre de 2025, el TPI-Caguas celebró una vista de desacato civil, en la que determinó que el peticionario estaba incumpliendo con los términos del estado provisional de derecho establecido en el mes de julio de 2025.[3]

Ahora bien, el 22 de septiembre de 2025, el recurrido compareció nuevamente al Foro Primario informando el incumplimiento con el estado provisional de derecho.

Posteriormente, el Foro Recurrido notificó una *"Resolución y Orden Sobre Desacato Civil"* el 25 de septiembre de 2025, en la que encontró a Vázquez Santos incurso en desacato civil. Concluyó que, de la prueba aquilatada en la vista, surgió que los vagones continuaban en el mismo lugar. Por ello, el Foro Recurrido le impuso a Vázquez Santos una multa de quinientos dólares ($500.00), que debía ser pagada al siguiente día.[4]

Ante el impago por parte del peticionario, el 1 de octubre de 2025, el TPI-Caguas emitió una orden para mostrar causa por la que no debía ordenar el arresto de este por encontrarse incurso en

---

[2] Apéndice del recurso, Anejo 2.
[3] Apéndice del recurso, Anejo 1.
[4] Apéndice del recuro, Anejo 1.

desacato. El 6 de octubre de 2025, el TPI-Caguas celebró una segunda vista de desacato civil. Ese mismo día, el peticionario pagó la multa.[5]

A consecución de esta segunda vista, el 7 de octubre de 2025, el Foro Recurrido notificó *"Resolución y Orden Sobre Segundo Desacato Civil"*. En la misma, le impuso una segunda multa de quinientos dólares ($500.00), pagaderos en o antes del 10 de octubre de 2025. Además, señaló una Vista de Cumplimiento para el 16 de octubre de 2025, a las 2:00pm.[6]

Inconforme, el 16 de octubre de 2025, Vázquez Santos presentó una *"Urgentísima Solicitud de Auxilio de Jurisdicción"* ante nos. Por un supuesto contratiempo con la plataforma digital del Tribunal de Apelaciones, el peticionario no presentó el escrito de *certiorari* completo. Ese mismo día, emitimos una *"Resolución"* declarando "No Ha Lugar" la petición en auxilio de jurisdicción. Además, advertimos que, de no recibir el recurso, no podríamos atender el *certiorari*. Unas horas más tarde, el peticionario radicó el escrito completo ante esta Curia, e hizo los siguientes señalamientos de error:

**PRIMER ERROR:** ERRÓ Y ABUSÓ DE SU DISCRECION EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA MUNICIPAL DE CAGUAS, AL DECLARAR INCURSO EN DESACATO CIVIL AL RECURRENTE POR ALEGADO INCUMPLIMIENTO DE UNA ORDEN DE ESTADO PROVISIONAL DE DERECHO AL AMPARO DE LA LEY 140 A PESAR DE QUE LE IMPONEN AL RECURRENTE A REALIZAR ACTOS Y MOVIMIENTOS DE UNOS VAGONES EN UN TERRENO QUE PERTENECE A UNA ENTIDAD CORPORATIVA QUE NO FORMO PARTE DEL PROCESO ANTE EL TPI.

**SEGUNDO ERROR:** ERRÓ Y ABUSÓ DE SU DISCRECION EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA MUNICIPAL DE CAGUAS, AL DECLARAR INCURSO EN DESACATO CIVIL AL RECURRENTE POR ALEGADO INCUMPLIMIENTO DE UNA ORDEN DE ESTADO PROVISIONAL DE DERECHO AL AMPARO DE LA LEY 140 A PESAR DE LA FALTA DE JURISDICCION SOBRE LA MATERIA PORQUE LOS TITULARES DE LAS PROPIEDADES COLINDANTES SON ENTIDADES CORPORATIVAS QUE NO FORMARON PARTE DEL PROCESO ANTE EL TPI DEJANDO AL RECURRENTE SIN

---

[5] Apéndice del recurso, Anejo 1.
[6] *Íd.*

PODER ACUDIR A UN REMEDIO ORDINARIO POR NO SER EL TITULAR DE LA PROPIEDAD.

Al amparo de la facultad conferida por la Regla 7(B)(5) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), prescindimos de la comparecencia del recurrido, y procedemos a expresarnos.

## II.

### A. *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la

admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Ley 140 sobre Estados Provisionales de Derecho

La Ley 140, *supra*, persigue el propósito de establecer un procedimiento de ley rápido, económico y eficiente para la adjudicación provisional de controversias. *Depto. de la Familia v.*

*Ramos*, 158 DPR 888, 897 (2003). Entre las facultades reconocidas a la Sala Municipal por la Ley 140, *supra,* se encuentran las de intervenir, investigar, ventilar y resolver provisionalmente controversias a solicitud de parte interesada. Las controversias sobre colindancias, derecho de paso y contiendas entre vecinos que afecten la convivencia y el orden social están dentro de las concebidas por el estatuto para ser atendidas en la Sala Municipal. Artículo 2 de la Ley 140, *supra,* sec. 2872.

Ahora bien, el Artículo 5 de la Ley 140, *supra,* sec. 2875, dispone que toda orden resolviendo una controversia y fijando un estado provisional de derecho **es inapelable**, pero no constituye cosa juzgada respecto a ninguno de los puntos adjudicados en la misma ni impedirá ningún otro trámite judicial reclamando daños y perjuicios u otro derecho. Sin embargo, *mientras no se ventile la controversia en un pleito ordinario, el estado provisional de derecho es obligatorio entre las partes.* Artículo 3 de la Ley 140, *supra,* sec. 2873; *Plaza Las Américas v. N & H*, 166 DPR 631, 649 (2005); *Marín v. Serrano Agosto*, 116 DPR 603, 605 (1985).

**III.**

El peticionario recurre ante nos alegando que el Foro Recurrido abusó de su discreción al encontrarlo incurso en desacato civil. Además, aduce falta de jurisdicción sobre la materia.

Sin embargo, analizado el recurso ante nuestra consideración, en principio, señalamos que todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal no contempla la revisión de los dictámenes incluidos en la *Resolución* que se pretende impugnar. Cabe señalar, a su vez, que aun considerando

que están presentes los criterios de la Regla 52.1, *supra*, el recurso no satisface los requisitos de la Regla 40 de nuestro Reglamento, *supra*.

De otro lado, advertimos que a Ley Núm. 140 dispone que la persona que no está de acuerdo con lo dispuesto en el procedimiento para la adjudicación provisional de controversias tiene la libertad de instar una acción civil ordinaria.

En fin, al no estar el dictamen recurrido comprendido dentro del marco de decisiones interlocutorias revisables, al amparo de la Regla 52.1 de las de Procedimiento Civil*, supra*, *procede denegar el recurso*, al palio de la Regla 11(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 20, 215 DPR __ (2025).

### IV.

Por los fundamentos antes expuestos, *denegamos la expedición del recurso de certiorari.*

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos concurre con la determinación de denegar la expedición del auto solicitado. Aunque considera que la Regla 52.1 de las de Procedimiento Civil no impide la expedición del auto, pues el dictamen recurrido no es susceptible de ser revisado por vía de una posterior apelación, de todas maneras, en el ejercicio de la discreción concedida por la Regla 40 del Reglamento de este Tribunal, concluimos que no se ha justificado nuestra intervención con lo actuado por el Tribunal de Primera Instancia.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones