ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| EULOGIO GALARZA TORRES<br><br>Apelante<br><br>v.<br><br>YAJAIRA M. LAZÚ QUIÑONES y LUIS A. ROLÓN HIRALDO<br><br>Apelada | KLAN202300028 | *APELACION* procedente del Tribunal de Primera Instancia, Sala Municipal de Humacao<br><br>Caso núm.: FAL1402022-01721<br><br>Sobre: Ley Núm. 140-1974 Estados Provisionales de Derecho |
|---|---|---|

Panel integrado por su presidente el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2023.

Comparece ante este foro apelativo, por derecho propio, el Sr. Eulogio Galarza Torres (en adelante el señor Galarza Torres) mediante el *Recurso de Apelación Civil* de epígrafe solicitando nuestra intervención, a los fines de que dejemos sin efecto la *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala Municipal de Humacao (el TPI), el 27 de diciembre de 2022[1]. Mediante el aludido pronunciamiento, el foro a *quo* estableció un estado provisional entre las partes de epígrafe y a su vez, emitió varias órdenes al respecto.

Por los fundamentos expuestos a continuación, desestimamos el presente recurso de *apelación* por falta de jurisdicción para entender el mismo.

---

[1] Según surge del recurso, Anejo 1. El señor Galarza Torres acompañó con el recurso una *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia* la cual autorizamos.

**I.**

Surge de la *Resolución* recurrida que el TPI dictaminó lo siguiente:

> 1. El peticionario no podrá realizar ningún tipo de trabajo, operación o actividad de hojalatería y pintura a vehículos en su residencia. Ello, mientras no obtenga los permisos de uso correspondientes.
> 2. El peticionario se abstendrá de estacionar sus vehículos de motor frente a la propiedad de la parte peticionada afectando cualquier entrada y salida de la casa de la parte peticionada.
> 3. Las partes se abstendrán de intervenir entre sí y de hacer expresiones o comentarios ofensivos.
> 4. Cualquiera de las partes que entienda que se violó lo aquí resuelto y ordenado presentará mediante moción los hechos que lo acrediten y el Tribunal determinará si cita o no para vista de desacato civil.

Asimismo, el foro a *quo* señaló: "Esta Resolución fijando un estado provisional de Derecho entre las partes al amparo de la Ley Núm. 140, *supra*, será obligatoria mientras la controversia no se ventile en el curso ordinario de la ley. *Marín v, Serrano Agosto*, 116 DPR 603, 605 (1985)." El TPI también les advirtió a las partes de su derecho a entablar acción ordinaria ante el tribunal correspondiente para enmendar o dejar sin efecto esta orden[2].

En el recurso que nos ocupa el señor Galarza Torres alegó sentirse inconforme con la referida determinación y arguyó que el foro recurrido cometió errores de forma, violando sus derechos civiles y concediendo un remedio erróneo e incompleto. También informó que continuará "tirando 'primer' y 'clear', ya que no estaban incluidos en la orden" y por ser productos distintos a la pintura. Así, nos solicita que revoquemos la *Resolución y Orden* del 27 de diciembre de 2022 y que hagamos nuestra interpretación de la primera conclusión de derecho esbozada por el TPI en el dictamen.

Examinado el escrito y en virtud de la determinación arribada, procedemos a resolver sin trámite ulterior según nos faculta la Regla

---

[2] No se puede apreciar más allá lo emitido por el TPI debido a que el señor Galarza Torres solo incluye una página del dictamen. Véase, Apéndice del recurso, a la pág. 2, denominado como "*Exhibit # 1*".

7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5).

## II.

**El Estado Provisional de Derecho**

La Ley núm. 140 de 26 de julio de 1974, según enmendada, 32 LPRA sec. 2871 *et seq.*, conocida como la Ley sobre Controversias y Estados Provisionales de Derecho (Ley núm. 140), persigue el propósito de establecer un procedimiento de ley rápido, económico y eficiente para la adjudicación provisional de controversias. *Depto. de la Familia v. Ramos*, 158 DPR 888, 897 (2003). Entre las facultades reconocidas a la Sala Municipal por la Ley núm. 140 se encuentran las de intervenir, investigar, ventilar y resolver provisionalmente controversias a solicitud de parte interesada. Artículo 2 de la Ley núm. 140, 34 LPRA sec. 2872. Las controversias entre el propietario de un vehículo de motor con mecánico, hojalatero y pintor respecto a la retención del vehículo, condiciones y compensación por trabajo están dentro de las concebidas por el estatuto para ser atendidas en la Sala Municipal. Artículo 2(F) de la Ley núm. 140. Además, también se incluyen las controversias sobre derecho de paso y controversias entre vecinos que afecten la convivencia y el orden social. Artículo 2(A) de la Ley núm. 140.

A su vez, y en lo aquí pertinente, el Artículo 5 de la Ley núm. 140 dispone que toda "orden resolviendo una controversia y fijando un estado provisional de derecho" **es inapelable**. 32 LPRA sec. 2875. Aquella persona que no está de acuerdo con lo dispuesto en dicho procedimiento tiene la libertad de instar una acción civil ordinaria, y lo dispuesto no constituirá cosa juzgada. *Íd.* Sin embargo, mientras no se ventile la controversia en un pleito ordinario, el estado provisional de derecho es obligatorio entre las

partes. Artículo 3 de la Ley núm. 140, 32 LPRA sec. 2873; *Marín v. Serrano Agosto*, 116 DPR 603, 605 (1985).

Por su parte, el Artículo 6 de la Ley núm. 140 establece que, una vez entablada la acción ordinaria sobre puntos adjudicados mediante este procedimiento, el tribunal competente podrá, en forma interlocutoria, enmendar o dejar sin efecto la orden del magistrado. 32 LPRA sec. 2876.

**La jurisdicción**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero v. Oficina de Gerencia de Permisos y otros*, 187 DPR 445, 457 (2012); *Vázquez v. ARPe*, 128 DPR 531, 537 (1991). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí*, 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica*, 156 DPR 584, 595 (2002); *Autoridad Sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *A.S.G. v. Municipio San Juan*, 168 DPR 337 (2006); *Brunet Justiniano v. Gobernador*, 130 DPR 248 (1992). Los tribunales deben velar cuidadosamente por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe*, supra. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, nuestro deber es así declararlo y, sin más, proceder a desestimar.

*García Hernández v. Hormigonera Mayagüezana, Inc.*, 172 DPR 1 (2007); *Carattini v. Collazo Systems Analysis, Inc.*, *supra.*

La Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, sobre desistimiento y desestimación nos concede facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción. La jurisdicción es un asunto respecto el cual debemos guardar celo y examinar con cuidado, pues si no poseemos autoridad en ley para dirimir una causa, cualquier pronunciamiento será nulo, salvo que sea para declarar la falta de jurisdicción y desestimar. *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314 (1997).

**III.**

Como indicamos, el señor Galarza Torres refuta la determinación realizada por el foro recurrido en la *Resolución y Orden* dictada el 27 de diciembre de 2022. Al tenor del derecho precedente, el dictamen objetado, en cuanto establece un remedio provisional en derecho al amparo de la Ley núm. 140, no es revisable por este foro apelativo. Siendo ello así, carecemos de facultad en ley para atender el recurso que nos ocupa y procede su desestimación. Como bien advierte el TPI en su determinación, si el señor Galarza Torres interesa enmendar o dejar sin efecto el estado provisional de derecho en cuestión puede entablar una acción ordinaria ante el foro de instancia competente.

En conclusión, carecemos de autoridad para examinar los méritos de la determinación impugnada.

**IV.**

Por los fundamentos antes expuestos, desestimamos el presente recurso de *apelación* por falta de jurisdicción.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones