Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| EDWIN PÉREZ HERNÁNDEZ POR SÍ Y COMO MIEMBRO DEL CONSEJO DE TITULARES DEL CONDOMINIO LAGUNA PLAZA Y EL CONSEJO DE TITULARES DEL CONDOMINIO LAGUNA PLAZA POR SÍ Y EN REPRESENTACIÓN DE LOS TITULARES<br><br>*Peticionarios*<br><br>v.<br><br>PASEO CARIBE COMMERCIAL, LLC; LAS BRISAS PROPERTY MANAGEMENT, INC.; USA PARKING SYSTEM OF PUERTO RICO, INC.; GEORGE, LLC; LIBERMAN MEDIA GROUP, COSTA BAHÍA HOTEL, LLC<br><br>*Recurridos* | KLCE202400251 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de San Juan<br><br>Caso Núm.: SJL140-2023-3649<br><br>Sobre: Ley 140 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 9 de mayo de 2024.

Comparece ante nos Edwin Pérez Hernández, por sí y como miembro y presidente del Consejo de Titulares del Condominio Laguna Plaza y el Consejo de Titulares del Condominio Laguna Plaza por sí y en representación de sus titulares (parte peticionaria), mediante *Petición de Certiorari* presentada el 29 de febrero de 2024. En su recurso, la parte peticionaria solicita la revisión de la *Resolución* emitida y notificada el 30 de enero de 2024, por el Tribunal de Primera Instancia, Sala Municipal de San Juan. Mediante el aludido dictamen, el foro primario declaró Ha Lugar una solicitud de desestimación presentada por Paseo Caribe

Commercial, LLC (Paseo Caribe) y Las Brisas Property Management, Inc. (Las Brisas).

Por los fundamentos que exponemos a continuación, **desestimamos** el recurso de *certiorari* por falta de jurisdicción.

## I.

Según surge del expediente apelativo, el 21 de diciembre de 2023, la parte peticionaria presentó *Querella*[1] al amparo de la Ley Núm. 140 del 23 de julio de 1974, según enmendada, conocida como la *Ley Sobre Controversias y Estados Provisionales de Derecho*[2] (Ley Núm. 140) contra Paseo Caribe, Las Brisas, Costa Bahía Hotel, LLC (Costa Bahía), George, LLC (George), USA Parking System of PR, LLC (USA Parking) y Liberman Media Group (Teleonce) (en conjunto, parte recurrida). En síntesis, alegó que la parte recurrida ha infringido su derecho de acceso y paso público a un determinado camino al transitar vehículos por el área. Además, sostuvo que la parte recurrida ha incurrido en actos que ponen en riesgo la seguridad y bienestar de la parte peticionaria. Por tanto, solicitó que se ordenara a la parte recurrida abstenerse de permitir el tráfico vehicular por el camino en cuestión.

El 28 de diciembre de 2023, el TPI expidió *Orden de Citación*, en la cual ordenó a la parte recurrida comparecer a una vista el 31 de enero de 2024 a las 2:00pm[3].

Posteriormente, el 30 de enero de 2024, Paseo Caribe y Las Brisas comparecieron mediante *Solicitud de desestimación de querella por no aplicar la ley 140 del 23 de julio de 1974*[4]. En su escrito, alegaron que la solicitud de remedio presentada por la parte peticionaria no procede debido a que al presente existe un trámite ordinario en curso y tampoco hay una certidumbre en cuanto al

---

[1] Véase apéndice del recurso, págs. 36-85.
[2] 32 LPRA sec. 287 *et seq.*
[3] Véase apéndice del recurso, págs. 88-93.
[4] Véase apéndice del recurso, págs. 108-118.

derecho en controversia, según lo resuelto por nuestro más Alto Foro en el caso *San Gerónimo Caribe Project v. ELA*, 174 DPR 518 (2008).

Así las cosas, el 30 de enero de 2024, el TPI emitió y notificó *Resolución*[5] en la que declaró Ha Lugar la solicitud de desestimación presentada por Paseo Caribe y Las Brisas. En consecuencia, se dejó sin efecto la celebración de la vista y se ordenó el archivo de la querella.

Inconforme, el 29 de febrero de 2024, la parte peticionaria acudió ante nos mediante el recurso de epígrafe en el que esbozó los siguientes señalamientos de error:

> ERRÓ EL HONORABLE TRIBUNAL MUNICIPAL DE SAN JUAN AL DECLARAR HA LUGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LOS CO-QUERELLADOS RECURRIDOS PASEO CARIBE COMMERCIAL, LLC Y LAS BRISAS PROPERTY MAN[A]GEMENT, INC. Y DECRETAR SUMARIAMENTE EL ARCHIVO DE LA QUERELLA BASADO EN LA NO APLICABILIDAD DE LA LEY 140, SIN TAN SIQUIERA BRINDARLE A LA PARTE QUERELLANTE LA OPORTUNIDAD DE EXPRESARSE, LUEGO DE HABER CITADO A LAS PARTES, TODO ELLO EN UN CLARO ABUSO DE DISCRECIÓN Y EN ABIERTA VIOLACIÓN AL DEBIDO PROCESO DE LEY Y A LAS DISPOSICIONES DE LA LEY 140.

> ERRÓ EL HONORABLE TRIBUNAL MUNICIPAL DE SAN JUAN AL DECRETAR SUMARIAMENTE EL ARCHIVO DE LA QUERELLA EN CUANTO A LOS QUERELLADOS QUE NO PRESENTARON OPOSICIÓN NI REPARO ALGUNO A LA QUERELLA.

El 11 de marzo de 2024, Paseo Caribe y Las Brisas comparecieron, sin someterse a la jurisdicción de este Tribunal de Apelaciones, mediante *Moción de Desestimación de Petición de Certiorari*, la cual fundamentaron en que la Ley Núm. 140 expresamente dispone que las determinaciones al amparo del referido estatuto son inapelables, por lo que este foro revisor carece de jurisdicción para atender el recurso de *certiorari* instado por la parte peticionaria.

Por su parte, el 13 de marzo de 2024, Costa Bahía, sin someterse a la jurisdicción, presentó escrito intitulado

---

[5] Véase apéndice del recurso, págs. 120-122.

*Comparecencia Especial en Oposición a Certiorari y en Solicitud de Desestimación.*

Luego, el 19 de marzo de 2024, Teleonce, sin someterse a la jurisdicción de este Tribunal de Apelaciones, compareció mediante *Moción de Desestimación de Petición de Certiorari.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[6]. La determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial[7]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[8]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[9].

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil[10]. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo"[11]. Asimismo,

---

[6] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).

[7] *Íd.*

[8] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra,* pág. 91.

[9] *Íd.*

[10] 32 LPRA Ap. V, R. 52.1.

[11] *Íd.*

y a manera de excepción, se podrá expedir este auto discrecional en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[12].

En consecuencia, las determinaciones que cumplan con la Regla 52.1 de las de Procedimiento Civil, *supra,* pueden ser objeto de revisión y el tribunal apelativo ejercerá su discreción para decidir si expide o no el recurso de *certiorari*. Los criterios que este Tribunal de Apelaciones examina para ejercer su discreción se encuentran recogidos en la Regla 40 de nuestro Reglamento[13]. Esta norma procesal dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, para ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios antes enumerados, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el

---

[12] *Íd.*
[13] 4 LPRA XXII-B, R. 40.

auto de *certiorari*[14]. Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirijan[15].

**B.**

La Ley Núm. 140, *supra*, tiene como propósito establecer un procedimiento de ley rápido, económico y eficiente para la adjudicación provisional de controversias[16]. Cónsono con lo anterior, dentro de sus facultades, los jueces municipales podrán "intervenir, investigar, ventilar y resolver provisionalmente controversias a solicitud de parte interesada"[17].

En lo pertinente, el Artículo 2 de la Ley Núm. 140, dispone qué tipo de asuntos se podrán atender bajo dicho estatuto:

> Mediante la presente los magistrados quedan facultados a intervenir, investigar, ventilar y resolver provisionalmente controversias a solicitud de parte interesada, según el trámite dispuesto en esta ley. Esta facultad comprende y abarca lo siguiente:
>
> A. Controversias sobre colindancias y derecho de paso y controversias entre vecinos que afecten la convivencia y el orden social.
>
> [...]
>
> J. Controversias en las cuales se alegue la existencia de perturbaciones que fueren perjudiciales a la salud o a los sentidos, o que interrumpan el libre uso de la propiedad, de modo que impidan el cómodo goce de la vida o de los bienes, de las que dan lugar a una acción bajo el Artículo 277 del Código de Enjuiciamiento Civil, según enmendado, conocido como Ley sobre Perturbación o Estorbo.
>
> [...][18].

Sin embargo, el Artículo 5 de la Ley Núm. 140 expresamente dispone lo siguiente:

> Una orden resolviendo una controversia y fijando un estado provisional de derecho, según este capítulo, **será inapelable**, pero no constituirá cosa juzgada respecto a ninguno de los puntos adjudicados en la misma ni impedirá ningún otro trámite judicial reclamando daños y perjuicios u otro derecho. [19] (Énfasis nuestro).

---

[14] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[15] *I.G. Builders et al. v. BBVAPR*, *supra*; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).
[16] *Depto. de la Familia v. Ramos*, 158 DPR 888, 897 (2003).
[17] 34 LPRA sec. 2872.
[18] *Íd.*
[19] 32 LPRA sec. 2875.

Es decir, la orden que resuelve un estado de derecho es inapelable. Sin embargo, por su carácter provisional, no constituye cosa juzgada, razón por la cual puede ser replanteada en su fondo, en un trámite judicial ordinario. Mientras que la controversia no sea dilucidada en el curso ordinario de la ley, el estado provisional de derecho que emita el foro primario será obligatorio entre las partes[20].

**III.**

En el presente recurso, la parte peticionaria solicita la revisión de la *Resolución* emitida y notificada el 30 de enero de 2024 por el foro primario, mediante la cual se desestimó la *Querella* instada por la parte peticionaria al amparo de la Ley 140 por motivos de una alegada controversia sobre derecho de acceso público a un determinado camino [21].

Según se desprende del expediente apelativo, lo alegado por la parte peticionaria trata de una disputa que podría atenderse bajo la Ley Núm. 140. Sin embargo, al revisar el Artículo 3 de la referida Ley, el mismo instituye el procedimiento a seguir para el Tribunal adquirir jurisdicción sobre una controversia o asunto y, en lo pertinente, establece que:

> (B) **Si de la querella resultase que existe una controversia legal por adjudicarse,** el magistrado dispondrá la citación de las partes envueltas, bajo apercibimiento de desacato, para una comparecencia ante él dentro de un término que no excederá de cinco (5) días. El hecho de expedirse las citaciones equivaldrá a dar curso a la querella y ésta se anotará en un libro ad hoc por el magistrado. La incomparecencia de una persona debidamente citada para una comparecencia ordenada según este capítulo será condenable como desacato al tribunal presidido por el magistrado que expidió la citación. Podrá citarse a terceras personas que puedan suministrar información respecto a la controversia.
>
> […][22].

---

[20] *Marín v. Serrano Agosto*, 116 DPR 603, 605 (1985).
[21] Cabe mencionar que esta misma controversia estuvo ante la consideración del TPI bajo el caso SJ2023CV05760. Sin embargo, la parte peticionaria desistió de los remedios interdictales de carácter extraordinario y solicitó la tramitación del pleito por la vía ordinaria. Véase, apéndice de la *Moción de Desestimación de la Petición de Certiorari*, Anejo 8.
[22] 32 LPRA sec. 2873.

Por su parte, el Artículo 5 de la Ley Núm. 140 expresamente dispone lo siguiente:

**Una orden resolviendo** una controversia y fijando un estado provisional de derecho, según este capítulo, será inapelable, pero no constituirá cosa juzgada respecto a ninguno de los puntos adjudicados en la misma ni impedirá ningún otro trámite judicial reclamando daños y perjuicios u otro derecho.[23] (Énfasis nuestro).

En virtud de lo anterior, resulta forzoso concluir que carecemos de jurisdicción para entender sobre los méritos de la controversia aquí planteada, toda vez que el estatuto antes mencionado nos lo prohíbe. Es norma reiterada que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene[24]. En consecuencia, se desestima el recurso de *certiorari*.

**IV.**

Por los fundamentos que anteceden, **desestimamos** el recurso de *certiorari* por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[23] 32 LPRA 2875.
[24] *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980); *Maldonado v. Pichardo,* 104 DPR 778, 782 (1976).