Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| AIDA I. RIVERA GONZÁLEZ<br><br>Parte Recurrida<br><br>v.<br><br>ERNESTO CARDONA CRESPO<br><br>Parte Peticionaria | TA2025CE00154 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm.:<br>CGL1402025-5405<br>Q202500349<br>consolidado con<br>CGL1212025-3502<br>OPE2025-0289<br><br>Sobre:<br>Ley 140 y Ley 121 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de agosto de 2025.

Comparece el Sr. Enrique Cardona Crespo mediante el recurso de epígrafe instado el 16 de julio de 2025. Solicita que revoquemos el *Estado Provisional de Derecho* emitido el 28 de mayo de 2025, y notificado el 16 de junio de 2025, por el Tribunal de Primera Instancia (TPI), Sala Municipal de Caguas. Mediante el referido dictamen, el TPI determinó que Hacienda El Lago LLC, representada por el Sr. Enrique Cardona Crespo, no podrá realizar actividades en su hospedería que impliquen el uso de música.

En síntesis, el Sr. Enrique Cardona Crespo sostiene que el TPI incidió al adjudicar el asunto sin haber adquirido jurisdicción sobre su persona y la materia del caso.

Examinado el recurso, resolvemos desestimarlo por falta de jurisdicción para entender en el mismo.

**I.**

El 23 de abril de 2025, la Sra. Aida I. Rivera González (Sra. Rivera González) presentó ante el TPI una *Querella al Amparo de la Ley Núm. 140, Ley sobre Controversias y Estados Provisionales de*

*Derecho* en contra del Sr. **Ernesto** Cardona Crespo.[1] En ella, la Sra. Rivera González, quien tiene 70 años, solicitó al tribunal que llevara a cabo una vista para atender una controversia entre vecinos que afectaba la convivencia y el orden social. En concreto, indicó:

> Que mi casa hace colindancia con la finca del Sr. Ernesto Cardona y es una finca de actividades el cual esta *[sic]* no deja de tener una tranquilidad para uno descansar de día ni de noche. Música a demasiado volumen alta, semana, fines de semana maquinaria desde las 4:00 am y yo hablo con [é]l pero este dice que no vuelve a suceder, pero ya a dos semanas comienza de nuevo, este es un barrio de personas mayores, enfermas, aquí no hay juventud, niños, todos somos mayores, enfermos y encamados.[2]

El 25 de abril de 2025, el TPI expidió la orden de citación dirigida al Sr. **Ernesto** Cardona Crespo. Ésta fue diligenciada personalmente en la persona del Sr. **Enrique** Cardona Crespo el 28 de abril de 2025.

El 27 de mayo de 2025, el Sr. **Enrique** Cardona Crespo compareció, sin someterse a la jurisdicción del tribunal, mediante una *Moción en Solicitud de Desestimación.* Adujo que la acción judicial presentada por la Sra. Rivera González realmente estaba dirigida en contra de Hacienda El Lago, LLC, entidad que tiene una personalidad jurídica propia y separada, que no había sido emplazada ni acumulada como parte querellada. Añadió que la persona citada, Sr. **Ernesto** Cardona Crespo, es su hermano y sacerdote, que vive fuera de Puerto Rico y no es titular registral de la finca en la que opera Hacienda El Lago, LLC. De otra parte, arguyó que el procedimiento provisto en la Ley Núm. 140 de 23 de julio de 1974, mejor conocida como la *Ley sobre Controversias y Estados Previsionales de Derecho[3]*, no es el método adecuado para impugnar permisos o denunciar usos no autorizados en una propiedad. De tal

---

[1] La Sra. Rivera González también radicó una petición al amparo de la Ley Núm. 121-2019, conocida como *Ley de la Carta de Derechos y la Política Pública del Gobierno a favor de los Adultos Mayores,* 8 LPRA sec. 1511 *et seq.* La decisión del TPI en cuanto a esta petición no es objeto de impugnación en el presente recurso.
[2] SUMAC-TA, Apéndice del recurso, entrada 1.
[3] 32 LPRA sec. 2871 *et seq.*

forma, fundamentado en la presunta falta de jurisdicción del foro sobre la persona y la materia del caso, el Sr. Enrique Cardona Crespo, solicitó la desestimación de la querella.

El 28 de mayo de 2025, el TPI celebró la vista en su fondo. La Sra. Rivera González compareció por derecho propio, mientras que el Sr. Enrique Cardona Crespo compareció acompañado de su representación legal. Primero, el TPI hizo alusión a la moción de desestimación presentada por el Sr. Enrique Cardona Crespo y dio espacio a su abogado para que éste presentara sus argumentos en torno a la solicitud. No obstante, éste indicó que, con el fin de dar por terminada la controversia, su representado estaba dispuesto a llegar a un acuerdo con la Sra. Rivera González. En esa línea, propuso realizar una medición de sonido para evitar futuros altercados con la querellante por los ruidos que se producían en la Hacienda El Lago, LLC. Ante tales expresiones, en la resolución recurrida, el TPI concluyó que el Sr. Enrique Cardona Crespo se había sometido voluntariamente a la jurisdicción del foro adjudicador.[4]

Además, tras aquilatar la prueba presentada, el TPI fijó el Estado Provisional de Derecho[5], en el cual determinó probados los siguientes hechos:

> 1. La querellante-peticionaria es vecina de la Hacienda El Lago, LLC., en este caso representada por el Sr. Enrique Cardona.
>
> 2. En dicho lugar se realizan una serie de actividades entre las cuales se utiliza música.
>
> 3. La frecuencia de la música es tal que impide a la querellante-peticionaria descansar.
>
> 4. En el pasado, el querellado-peticionado se ha comprometido a atender la situación de la música pero esta sigue igual.
>
> 5. El Tribunal ordenó al DRNA a realizar una prueba de sonido de conformidad con su Reglamento.

---

[4] SUMAC-TA, Apéndice del recurso, entrada 2.
[5] *Íd.*

6. El DRNA no pudo realizar la prueba ordenada debido a que la Hacienda El Lago, LLC. no cuenta con los permisos de uso requeridos para realizar determinadas actividades que está llevando a cabo.

7. El 26 de abril de 2025, la Hacienda El Lago, LLC presentó una solicitud de permiso de uso para salón de actividades.

8. Al momento de la vista, la parte querellada-peticionada solo contaba con un permiso de hospedería.[6]

En virtud de lo anterior, el TPI dictaminó los siguientes remedios provisionales:

1. Durante la vigencia de este Estado Provisional de Derecho, la parte querellada se abstendrá de realizar actividades que impliquen el uso de música, a menos que cuente con los permisos requeridos por ley para ello.
*2.* Cualquier comunicación entre las partes deberá llevarse a cabo con respeto.[7]

El TPI puntualizó que el Estado Provisional de Derecho tendría vigencia por tres (3) meses a partir de la fecha de su notificación, la cual se efectuó el 16 de junio de 2025. Asimismo, el TPI advirtió a las partes que:

… en ninguna medida esta Resolución afecta los derechos de las partes en cuanto a otras posibles acciones ordinarias (civil o criminal) o de carácter administrativo.

Durante su vigencia, el Estado Provisional de Derecho aquí establecido será obligatorio entre las partes, es inapelable y no constituirá cosa juzgada. No obstante, tratándose de una Resolución de carácter provisional, las partes tienen el derecho de plantear la controversia, en cualquier momento, en una acción ordinaria en la Sala correspondiente del Tribunal de Primera Instancia.[8]

Inconforme con lo resuelto, el Sr. Enrique Cardona Crespo instó el presente recurso y apuntó los siguientes señalamientos de error:

**Primer Error:**
Erró el Tribunal Municipal al excederse por completo de las facultades concedidas por el legislador en l[a] Ley 140 de 1978 y utilizar el remedio extraordinario para

---

[6] *Íd.*
[7] *Íd.*
[8] *Íd.*

asuntos para el cual el legislador no contempl[ó] en el estatuto.

**Segundo Error:**
Erró el Tribunal Municipal al actuar sin jurisdicción sobre la persona y la materia en el caso de autos.

**Tercer Error:**
Erró el Tribunal Municipal en forzar la comparecencia de una parte en clara violación del debido proceso de ley que le cobijaba a Ernesto Cardona Crespo y de Hacienda el Lago LLC.

**Cuarto Error:**
Erró el Tribunal de Primera Instancia en no decretar ha lugar la solicitud de desestimación presentada ante su clara falta de jurisdicción sobre la materia y la persona.

## II.

La Ley Núm. 140 de 26 de julio de 1974, conocida como la *Ley sobre Controversias y Estados Provisionales de Derecho* (Ley Núm. 140), 32 LPRA sec. 2871 *et seq.*, persigue el propósito de establecer un procedimiento de ley rápido, económico y eficiente para la adjudicación provisional de controversias.[9] Entre las facultades reconocidas a la Sala Municipal por la Ley Núm. 140, *supra,* se encuentran las de intervenir, investigar, ventilar y resolver provisionalmente controversias a solicitud de parte interesada. Las controversias sobre colindancias, derecho de paso y contiendas entre vecinos que afecten la convivencia y el orden social están dentro de las concebidas por el estatuto para ser atendidas en la Sala Municipal.[10]

El Artículo 5 de la Ley Núm. 140 dispone que toda orden resolviendo una controversia y fijando un estado provisional de derecho **es inapelable**, pero no constituye cosa juzgada respecto a ninguno de los puntos adjudicados en la misma ni impedirá ningún otro trámite judicial reclamando daños y perjuicios u otro derecho.[11] Sin embargo, mientras no se ventile la controversia en un pleito

---

[9] *Depto. de la Familia v. Ramos*, 158 DPR 888, 897 (2003).
[10] Artículo 2 de la Ley Núm. 140, 32 LPRA sec. 2872.
[11] 32 LPRA sec. 2875.

ordinario, el estado provisional de derecho es obligatorio entre las partes.[12]

Por su parte, el Artículo 6 de la Ley Núm. 140 establece que, una vez entablada la acción ordinaria sobre puntos adjudicados mediante este procedimiento, el tribunal competente podrá, en forma interlocutoria, enmendar o dejar sin efecto la orden del magistrado.[13]

**B.**

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[14] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional.[15] Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[16]

Así, el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe. Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso.[17] Por esa razón, la Regla 83 del Reglamento del Tribunal de Apelaciones[18] nos autoriza a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

---

[12] Artículo 3 de la ley Núm. 140, 32 LPRA sec. 2873; *Marín v. Serrano Agosto*, 116 DPR 603, 605 (1985); *Plaza Las Américas v. N & H,* 166 DPR 631, 649 (2005).
[13] 32 LPRA sec. 2876.
[14] *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Beltrán Cintrón et al. v. ELA et al,* 204 DPR 89, 101 (2020).
[15] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-500 (2019).
[16] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018).
[17] *Torres Alvarado v. Madera Atiles,* supra, pág. 501; *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 269; *Rivera Marcucci v. Suiza Dairy Inc.,* 196 DPR 157, 165 (2016).
[18] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025).

**III.**

En el presente caso, el Sr. Enrique Cardona Crespo impugna la resolución de estado provisional de derecho dictada el 28 de mayo de 2025.

Sin embargo, según las disposiciones de la Ley Núm. 140, *supra*, una orden que fije un estado provisional de derecho es inapelable. Es decir, no es revisable por este foro apelativo. El estatuto provee para que la parte que interese enmendar o dejar sin efecto una orden que fije un estado provisional de derecho debe entablar una acción ordinaria ante el foro de primera instancia.

En fin, este Tribunal carece de facultad en ley para examinar la determinación impugnada, razón por la cual procede la desestimación del recurso de *certiorari* por falta de jurisdicción para entender en el asunto.

**IV.**

Por los fundamentos antes expuestos, desestimamos el presente recurso de *certiorari* por falta de jurisdicción.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones